# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:12-cr-054-2 |
| | CIVIL CASE NO. 1:19-cv-428 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| CHRISTOPHER STEGAWSKI, | |
| Defendant. | |

## ORDER

In early 2018, Defendant filed a motion and amended motion for a new trial in his criminal case (No. 12-cr-054-2). (Docs. 227, 228).[1] Over a year later, he requested that the Court characterize them, together, as a motion for § 2255 relief (Doc. 229) (collectively with Docs. 227 and 228, the "first motion"). On May 14, 2019,[2] two days before this latter filing in his criminal case, Defendant had filed a § 2255 motion in the United States District Court for the Western District of Kentucky. (*See* W.D. Ky. No. 3:19-cv-380-DJH). After determining that the challenged sentence was imposed in this Court, the Kentucky district court transferred Defendant's second § 2255 motion (no. 19-cv-428, Doc. 1, the "second motion") to the Southern District of Ohio. (No. 19-cv-428, Doc. 3). The parallel proceedings were docketed under the new civil case number with reference to his criminal case, but they were not filed in his criminal case or otherwise referenced therein, as is ordinarily the practice in this district upon the filing of a § 2255 motion. As a result, the

---

[1] All references to "Doc." refer to documents filed in case number 12-cr-054-2 unless otherwise noted.

[2] Absent evidence to the contrary, the Court assumes that Petitioner's § 2255 motion was filed the date he signed it. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

1

Court entered an Order denying the § 2255 relief in Defendant's criminal case (Doc. 230), while the second motion in case number 19-cv-428 remained pending.

The filings forming the substantive basis for the first motion (Docs. 227, 228) predate the second motion by over a year. But while the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub.L. No. 104–132, 110 Stat. 1214, §§ 104–06, placed significant restrictions on "second or successive" applications under § 2255, *see* § 2255(h), it does not apply, categorically, to all second-in-time applications. *Magwood v. Patterson*, 561 U.S. 320, 331–32 (2010). In this case, where the second motion was filed prior to adjudication of the first, and given the unusual administrative issues related to the Kentucky filing, the Court does not find it "second or successive" as used in AEDPA. *See* 28 U.S.C. §§ 2244(b), 2255(h); *In re Smith*, 690 F.3d 809, 809 (6th Cir. 2012) ("A district court has jurisdiction to consider numerically second petitions that are not 'second or successive' . . . .") (quoting 28 U.S.C. § 2244(b)).

If the Court had considered the second motion prior to adjudicating the first, the Court would have considered the second motion as a motion to amend the first motion. *Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014) ("A habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion.") (quoting *Ching v. United States*, 298 F.3d 174, 175 (2d Cir. 2002)).[3] Federal Rule of Civil Procedure 15 governs amendments to § 2255 motions. *Oleson*, 27 F. App'x at 568 (6th Cir. 2001). While the standard is liberal to promote the

---

[3] In *Oleson v. United States*, 27 F. App'x 566 (6th Cir. 2001), the parties posed the question of whether a § 2255 motion could be amended once the underlying motion had already been denied—more similar to the facts at bar. *Id.* at 569–70. The Sixth Circuit did not find it necessary to reach that question because it determined that, regardless, the motion to amend was futile as barred by AEDPA's statute of limitations. *Id.* at 570.

2

interests of justice, it is limited by several factors that a court may consider in exercising its discretion as to proposed amendments. *See id.* at 569; Fed. R. Civ. P. 15(a)(2). Courts may consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id.* (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Wright v. United States*, No. 2:16-CR-00059, 2018 WL 1899293, at *2 (S.D. Ohio April 20, 2018) (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005)), *rec. adopted*, 2018 WL 3410057 (S.D. Ohio July 13, 2018)). The overarching purpose of the Rule 15 is "to ensure that cases are decided on their merits." *Oleson*, 27 F. App'x at 569 (citation omitted).

While more voluminous, Defendant's second motion largely follows in the tracks of his first motion. The content otherwise consists of allegations that are procedurally defaulted or that are "palpably incredible" or "patently frivolous or false" such as to warrant summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962) and *Herman v. Claudy*, 350 U.S. 116, 119, 76 S. Ct. 223, 100 L. Ed. 126 (1956)). In either case, allowing the amendment would be futile and the interests of justice are therefore not frustrated by the Court exercising its discretion to deny the amendment.[4] The Court summarizes, below, the 49 "grounds" asserted in Defendant's second motion.

---

[4] A meritorious claim under 28 U.S.C. § 2255 requires a showing of either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491,

- Ground one contains a "statement of the case" that does not state a claim.

- Ground two asserts actual innocence and the failure by the Plaintiff to produce urine test manuals seized during Defendant's investigation. The former rests on the allegations raised in Defendant's first motion (*see* Doc. 227, PAGEID #: 2773–77) and is, in any event, supported only by conclusory allegations. (*See, e.g.,* No. 19-cv-428, Doc. 1-2, PAGEID #: 27 ("Conviction was assured by mischaracterization and fabrication of evidence, lack of adversarial testing because of conflict of the defense counsel and public opinion that every physician treating pain is a pill-miller.")); *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) ("Except for conclusional averments, his petition supplied no factual material upon which to test the validity of his conclusions. Such a pleading does not call for an evidentiary hearing.") (citations omitted); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."). Defendant's first motion raised the latter— allegations related to urine test manuals. (*See* Doc. 227, PAGEID #: 2787).

- Ground three is listed as "inquisition" and includes a narrative about the history of pain treatment. (No. 19-cv-428, Doc. 1-2, PAGEID #: 34–36). The Court cannot discern an asserted federal basis for relief from Defendant's sentence.

- Ground four asserts the prosecution's lack of probable cause. The allegations here appear to largely restate allegations made in Defendant's first motion. (*See* Doc. 227, PAGEID #: 2773–79). Defendant also includes a narrative regarding his dissatisfaction with his co-defendant's alleged conduct during the investigation and

---

496-97 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967). The second motion does not present such claims.

trial, but the Court cannot discern an asserted federal basis for relief from his sentence.

- Ground five asserts that the prosecution withheld various evidence. For much of the evidence referenced, Defendant does not point to its exculpatory value at all or it is redundant (*e.g.*, urine test manuals). Where Defendant does attempt to connect the withheld evidence to prejudice, it is significantly overstated. (*See, e.g.,* No. 1:19-cv-428, Doc. 1-2, PAGEID 41–42 (Defendant argues that allegedly withheld evidence would have shown that he saw fewer patients per day than suggested at trial, but he does not demonstrate how this evidence would have necessarily impacted the result in his case)). Regardless, these concerns were not raised on direct appeal.[5] Having shown no cause for failing to raise this issue, the claim would be procedurally defaulted and an amendment to the first motion on that basis would be futile. *Smith v. Brunsman*, 626 F. Supp. 2d 786, 796 (S.D. Ohio 2009) (leave to amend denied where new claims would have been procedurally defaulted under state law and the defendant demonstrated neither cause for the default nor resulting prejudice); *Turner v. Lindamood*, No. 3:16–cv–2593, 2017 WL 5885276, at *7 (M.D. Tenn. Nov. 29, 2017) ("Because the new claims were never raised in the state court . . . and because the petitioner has failed to allege, not to mention establish, cause for his failure to raise the new claims . . ., the new claims are procedurally defaulted and amendment would be futile.").

---

[5] On direct appeal, Defendant raised only the ineffective assistance of counsel. (Sixth Cir. No. 15-4363, Doc. 33).

- Ground six asserts lack of transcripts. Defendant acknowledges that this concern has already been raised in prior motions. (*See* No. 19-cv-428, Doc. 1-2, PAGEID #: 43).

- Ground seven asserts lack of adversarial process. To the extent that this asserts a claim, Defendant appears to challenge the adequacy of his trial counsel's assistance in the same manner as was done in his first motion. (*See, e.g.,* Doc. 227, PAGEID #: 2790–91).

- Grounds eight and nine assert prosecutorial misconduct. Defendant raised this in his first motion. (*See id.* at PAGEID #: 2779).

- Ground ten expresses general discontent with Defendant's prosecution, but the Court does not discern an asserted federal basis for relief from Defendant's sentence.

- Ground eleven raises issues with the prosecution's medical expert. To the extent that this presents a claim, Defendant appears to challenge the adequacy of his trial counsel's assistance in the same manner as was done in his first motion. (*See, e.g.,* Doc. 227, PAGEID #: 2790–91).

- Ground twelve asserts that the prosecution withheld Plaintiff's medical expert's report to the Ohio State Pharmacy Board. He argues that it contains exculpatory information, but the Court fails to see this same value from Defendant's description. Moreover, it was not raised on direct appeal and Defendant cites no cause for such failure. *See Brunsman*, 626 F. Supp. 2d at 796; *Lindamood*, 2017 WL 5885276, at *7.

- Ground thirteen challenges the lack of production of urine toxicology guidelines, which, as noted above, Defendant raised in his first motion. (*See* Doc. 227, PAGEID #: 2787).

- Ground fourteen raises "new evidence" related to the type of medication that Defendant had been prescribing prior to his arrest that he raised in his first motion. (*See* Doc. 227, PAGEID #: 2773–75).

- Ground fifteen, regarding prosecutorial misconduct, was raised in Defendant's first motion. (*See* Doc. 228, PAGEID #: 2850).

- Ground sixteen, regarding Defendant's voluntary reduction in prescribing certain prescriptions, Defendant raised in his first motion. (*See* Doc. 227, PAGEID #: 2776–77).

- Ground seventeen is titled as "safety of opiates" and appears to challenge the underlying theoretical basis for his prosecution. The Court cannot not discern an asserted federal basis for relief from Defendant's sentence.

- Grounds eighteen and nineteen argue that Defendant was prosecuted for his patients switching to heroin and not prosecuted for the indicted offenses. This claim is patently frivolous and conclusory. *See Herman*, 350 U.S. at 119; *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735.

- Ground twenty-one (there is no ground twenty listed), asserts a claim regarding a government witness that was raised in Defendant's first motion. (*See* Doc. 227, PAGEID #: 2780).

- Ground twenty-two, other than restating vague ineffective assistance arguments raised in his first motion, asserts that he "was *ordered by defense counsel* . . . to

7

leave the courtroom for presentation of evidence." (No. 19-cv-428, Doc. 1-3, PAGEID #: 82) (emphasis added). That the Court would have ordered Defendant out of his criminal proceedings—let alone stood by while *trial counsel* did so—is "palpably incredible" and lacking any "probability of verity." *Machibroda*, 368 U.S. at 495; *O'Malley*, 285 F.2d at 735. Moreover, these allegations could have but were not raised on direct appeal. Having shown no cause for failing to raise this issue, the claim would be procedurally defaulted. *See Brunsman*, 626 F. Supp. 2d at 796; *Lindamood*, 2017 WL 5885276, at *7.

- Grounds twenty-three and twenty-four raise concerns about the prosecution's characterizations regarding Defendant and the case during trial and on appeal. To the extent that Defendant states a claim as distinct from general dissatisfaction with his prosecution, he restates grounds raised in the first motion. (*See* Doc. 228, PAGEID #: 2850).

- Ground twenty-five asserts "entrapment by estoppel," but in fact catalogues issues with the U.S. Attorney's Office's press release regarding Defendant's case. The Court cannot discern a federal basis for relief from his sentence.

- Grounds twenty-six and twenty-seven assert the ineffective assistance of counsel. Defendant makes statements about prior attorneys Goldberg, Keller, and McTigue,[6] but he does not cogently allege insufficient performance or resulting prejudice. His allegations regarding attorney Cheselka restate claims made in his first motion.

---

[6] Defendant argues that attorney McTigue failed to properly impeach attorney Cheselka regarding whether their fee agreement contained a specified amount of money that could be used to hire an expert. (No. 1:19-cv-428, Doc. 1-3, PAGEID #: 115). Even if this were inadequate performance, he does not connect it to any resulting prejudice, making an ineffective assistance claim lacking on its face. *Strickland v. Washington*, 466 U.S. 668, 700 (1984) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

(*See, e.g.,* Doc. 227, PAGEID #: 2790–91). His allegations regarding attorney Wettle also restate claims made in his first motion. (*See, e.g., id.* at PAGEID #: 2786).

- Ground twenty-nine (there is no ground twenty-eight listed) restates allegations made in Defendant's first motion against attorney Wettle, noted above. (*See id.*).

- Ground thirty raises prosecutorial misconduct, which realleges a ground raised in Defendant's first motion. (*See* Doc. 228, PAGEID #: 2850).

- Ground thirty-one alleges cumulative instances of prosecutorial misconduct. The Court cannot discern from Defendant's various recollections from the trial a federal basis for relief from his sentence.

- Ground thirty-two raises a lack of opportunity for allocution during sentencing. He cites "FRCrP 31(i)(4)(A)(ii)" as the basis for this claim. While the Court is unsure as to which rule he refers, Defendant was given an opportunity to address the Court at sentencing. (*See* Doc. 206, PAGEID #: 2500–04). In any event, this issue was not raised on direct appeal and Defendant cites no cause for such failure. *See Brunsman*, 626 F. Supp. 2d at 796; *Lindamood*, 2017 WL 5885276, at *7. Ground thirty-two also raises his disagreement with the result of his appeal, but the Court cannot discern an asserted federal basis for relief from Defendant's sentence.

- Ground thirty-three appears to raise a substantive disagreement with the drug quantity table used in the United States Sentencing Guidelines. This claim is "palpably incredible" and, in any event, Defendant did not raise it on direct appeal. *Machibroda*, 368 U.S. at 495. *See Brunsman*, 626 F. Supp. 2d at 796; *Lindamood*, 2017 WL 5885276, at *7.

9

- Ground thirty-four lays out additional disagreements with the opinion issued in Defendant's appeal. Defendant also analogizes to another case, *United States v. Arny*, 137 F. Supp. 3d 981 (E.D. Ky. 2015), which also dealt with a doctor prosecuted under the Controlled Substances Act and by which he implies the ineffective assistance of counsel arguments already raised in his first motion. The Court cannot otherwise discern an asserted federal basis for relief from Defendant's sentence.

- Ground thirty-six (there is no ground thirty-five) argues that any reliance on *United States v. Moore*, 423 U.S. 122 (1975), in his prosecution was inappropriate, because that case did not concern a pain management doctor. He states: "Treating chronic pain shall not trigger § 841." (No. 1:19-cv-428, Doc. 1-4, PAGEID #: 139). This is a legal conclusion that is subject to summary dismissal. *See Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735.

- Ground thirty-seven argues that his conspiracy conviction is unreliable. As best the Court can distill, his support for this is that "many of the functions of properly operating physicians practices are exactly the same or very similar to drug trafficking." (No. 1:19-cv-428, Doc. 1-4, PAGEID #: 148). But Defendant does otherwise suggest specific "factual material upon which to test the validity of his conclusions." *Green*, 454 F. 2d at 52. Short of that, Defendant does not assert a federal basis for relief.

- Ground thirty-eight asserts the failure to introduce the existence of 21 U.S.C. § 801 at trial, which was raised in Defendant's first motion. (*See* Doc. 227, PAGEID #: 2785).

- Ground thirty-nine challenges the applicability of § 802 to chronic pain treatment. Section 802 contains definitions used in the Controlled Substances Act. The Court cannot discern an asserted basis for relief from Defendant's sentence.

- Ground forty and forty-one appear to challenge the applicability of 21 U.S.C. § 841 to licensed physicians—particularly as it relates to pain management physicians. The Court finds that these claims are "patently frivolous" and conclusory. *Herman v. Claudy*, 350 U.S. 116, 119, 76 S. Ct. 223, 100 L. Ed. 126 (1956). *See Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735.

- Ground forty-two cites refers to 21 C.F.R. § 1306.04(a), which states that "[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Defendant argues that he complied with this regulation, but he does not assert a federal basis for relief from his sentence.

- Ground forty-three is styled as a Due Process claim, but it appears to primarily restate concerns about the legality of the investigation of his case that Defendant raised in his first motion. (*See* Doc. 227, PAGEID #: 2783). He also includes a claim that "[the prosecution's medical expert's] involvement may have violated the law." (No. 1:19-cv-428, Doc. 1-4, PAGEID #: 171). The Court finds this latter claim "patently frivolous" and, in any event, procedurally defaulted. *Herman*, 350 U.S. at 119. *See Brunsman*, 626 F. Supp. 2d at 796; *Lindamood*, 2017 WL 5885276, at *7.

- Ground forty-four expands on general criticisms of the investigation in his case that Defendant made in his first motion. (*See* Doc. 227, PAGEID #: 2783–84).

11

- Ground forty-five alleges that, as the practical implication of his prosecution, patients are left with only "incompetent physicians" to provide care. This does not assert a federal basis for relief from his sentence.

- Ground forty-seven (there is no ground forty-six) asserts "Overlapping of Law and Medicine" and appears to argue that the fact of physician licensure is total insulation from being convicted as a drug trafficker. This claim is "palpably incredible" and conclusory. *Machibroda v. United States*, 368 U.S. 487, 495. *See Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735.

- Ground forty-eight points to "new evidence" in the form of a letter that Defendant wrote to Donald Trump post-trial, summarizing "Fibromyalgia Scioto, discovery that alleged opiate epidemic is a result of treatment of pain causing disease, tick transmitted infectious endemic disease and contains major issues of unfair trial." (No. 1:19-cv-428, Doc. 1-4, PAGEID #: 180). This does not assert a federal basis for relief from Defendant's sentence.

- Ground forty-nine refers to a Food and Drug Administration ("FDA") statement regarding how to taper patients dependent on opioids. In addition to restating claims made in his first motion related to weaning patients (*see* Doc. 227, PAGEID #: 2776–70), his related conclusion—that the "FDA statement is missing link indicating that Petitioner provided treatment was proper"—is wholly conclusory. *See Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735.

As indicated with respect to Defendant's first motion, the claims in his second motion are largely stream-of-conscious expressions of discontent with his prosecution unsupported by legal authority or the record. They all either effectively restate claims

made in the first motion, are procedurally defaulted, or are subject to summary dismissal.  Amendment of the first motion would be futile.  Therefore, construing the second motion (No. 1:19-cv-428, Doc. 1) as a motion to amend the first motion, consistent with *Clark*, 764 F.3d at 659, the Court concludes the amendment would be futile and it is hereby **DENIED**.

    **IT IS SO ORDERED**.

                                                         s/ Michael R. Barrett
                                                         Michael R. Barrett, Judge
                                                         United States District Court